[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12966
Non-Argument Calendar

_____

D. C. Docket No. 05-00135-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL STEVEN FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 12, 2006)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Steven Foster pleaded guilty to numerous counts of engaging in

sexual acts with a minor. Counts 1 through 13 charged that Foster engaged in sexual acts with a female who had not attained the age of 12, in violation of 18 U.S.C. § 2241(c). Counts 14 through 41 charged that Foster engaged in sexual acts with a female between the ages of 12 and 16, in violation of 18 U.S.C. § 2243(a). The different counts corresponded to the different dates of the offenses. Foster admitted that, at least monthly over a four-year period, he engaged in vaginal intercourse and oral sex with his daughter, who was under age 12 at the time the relationship started, and that he told her he would begin a relationship with her younger sister if she did not cooperate.[1]

Prior to sentencing, Foster moved to admit his mental evaluation into evidence. The court admitted the report, which detailed molestation Foster suffered as a child and the remorse he felt over the instant conduct. The report also opined that there was little likelihood of recidivism.

The probation officer prepared a presentence investigation report, listing each count as a separate group because each involved a separate harm. After applying the appropriate enhancements and reductions, and determining the multiple count adjustments, the total adjusted offense level was 38. Because Foster had a criminal history category I, the resulting guidelines range was 235 to 293

---

[1] Although Foster admitted that the acts occurred monthly, the victim told protective services that the acts occurred every other day.

months imprisonment, and the statutory maximum under § 2241(c) was life imprisonment. The probation officer noted that the guidelines did not take into account the complete conduct because it did not account for the number of offenses and disregarded many of the groups.[2]

Foster made no objections to the guidelines calculations. He did, however, call the court's attention to his mental evaluation as mitigating evidence. The district court imposed a sentence of life imprisonment on counts 1 through 13, with concurrent 180-month sentences on counts 14 through 41. After considering the sentencing factors in 18 U.S.C. § 3553(a), the court found that the guidelines range was not sufficient punishment and deterrence, and it considered that many of the groups had not been taken into account in calculating the guidelines range. The court determined that the repeated nature of the conduct and Foster's characteristics, coupled with the need to protect society, provide just punishment, and give Foster the opportunity for treatment and counseling, warranted a sentence of life imprisonment. Foster objected to the sentence and the court's imposition of an upward variance.

---

[2] Under § 3D1.4(c), "[d]isregard any Group that is 9 or more levels less serious than the Group with the highest offense level." In this case, Counts 1 through 13 had an offense level of 36; counts 14 through 41 had an offense level of 22, which was more than 9 levels below the higher group. Thus, counts 14 though 41 were not counted in determining the multiple count adjustment.

On appeal, Foster argues that the sentence imposed is unreasonable because the court did not properly consider the § 3553(a) factors such as the likelihood of recidivism or his history and characteristics and essentially ignored the mental evaluation.

We review a defendant's sentence for reasonableness in light of the § 3553(a) sentencing factors.[3] United States v. Johnson, 451 F.3d 1239, 1244 (11th Cir.), cert. denied, 127 S.Ct. 462 (2006); United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). "After the district court has accurately calculated the [g]uideline range, it may impose a more severe or more lenient sentence that we review for reasonableness." Winingear, 422 F.3d at 1244. Foster bears the burden of showing that his sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Foster does not argue that the court incorrectly calculated his guidelines range and challenges only whether the ultimate sentence imposed was reasonable.

---

[3] These factors are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims." 18 U.S.C. § 3553(a).

Upon review, we conclude the sentence imposed was reasonable. First, the court explained that it had considered the mental evaluation, in addition to Foster's history, the need to protect society and provide adequate punishment, and the frequency and duration of the offenses. Moreover, the court considered that the guidelines calculations did not include all of the counts, and, therefore, did not adequately reflect the offenses. Thus, the court properly considered the § 3553(a) sentencing factors.

Foster was convicted of 41 counts of engaging in sexual acts with his own daughter over a four-year period. Given the nature and gravity of these offenses, we conclude that the district court imposed a reasonable sentence. United States v. Eldick, 443 F.3d 783, 790 (11th Cir. 2006) (affirming upward variance in light of the gravity of the offenses). Foster has not met his burden to prove otherwise. Accordingly, we **AFFIRM.**