[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12193
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00135-LC-EMT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL STEVEN FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 28, 2018)

Before WILLIAM PRYOR, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Michael Foster, a federal prisoner, appeals *pro se* the denial of his petition for a writ of audita querela. We affirm.

In 2006, Foster pleaded guilty to 13 counts of aggravated sexual abuse of a child less than 12, 18 U.S.C. § 2241(c), and 28 counts of sexually abusing a minor, *id.* § 2243(a). Foster failed to object to his presentence investigation report, which grouped his offenses and provided an advisory guideline range of 235 to 293 months and the statutory maximum penalties of life imprisonment for each count of aggravated abuse and of 180 months for each count of sexual abuse. The district court sentenced Foster to the maximum penalty for each of his crimes and ordered that his sentences run concurrently. The district court stated that Foster's guideline range failed to account for the daily abuse he had inflicted on his daughter and the trauma she had sustained and that a long sentence was required to protect the public and to deter Foster from future similar crimes. On appeal, Foster challenged the substantive reasonableness of his sentence, and we affirmed. *United States v. Foster*, 209 F. App'x 942 (11th Cir. 2006).

In 2016, Foster filed a petition for a writ of habeas corpus under the All Writs Act, 28 U.S.C. § 1651(a), but after receiving a warning that his petition would be reclassified as a motion to vacate, he amended his petition to request a writ of audita querela, *see Castro v. United States*, 540 U.S. 375 (2003). Foster argued that the district court miscalculated his sentence by applying the 2005

edition of the Sentencing Guidelines to those offenses that he committed between 2002 and 2004 and that relief was available based on the recent decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). Foster also argued that the district court violated his right against double jeopardy by imposing multiple sentences for one continuous course of conduct. And Foster argued that the district court violated his right to due process by preventing him from presenting evidence of his post-traumatic stress disorder and by enhancing his sentence based on his need for treatment and counseling.

The district court denied Foster's petition. The district court ruled that the writ of audita querela was unavailable to Foster because he could challenge the use of an incorrect guideline range in a motion to vacate, 28 U.S.C. § 2255. The district court also ruled that the writ of audita querela was unavailable for Foster to challenge his convictions on grounds that he could have raised in a timely motion to vacate.

The district court did not err by denying Foster's petition for a writ of audita querela. The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a), but "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling," *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474

3

U.S. 34, 43 (1985). Section 2255 provides the exclusive remedy for Foster to collaterally attack his sentence. *See* 28 U.S.C. § 2255. The district court could not grant Foster "a writ of audita querela . . . when relief [was] cognizable under § 2255." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

We **AFFIRM** the denial of Foster's petition for a writ of audita querela.

4