[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15918
Non-Argument Calendar

_____

D. C. Docket Nos. 08-61507-CV-WPD
91-00413-CR-WPD

NARCISCO F. SUAREZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 12, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Narciso F. Suarez, a federal prisoner proceeding pro se, appeals the denial of

his petition for a writ of audita querela. He contends that the district court erred in denying the petition because his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

"We review de novo the question of whether a prisoner may challenge his sentence by filing a motion for a writ of audita querela." United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005).

Audita querela is "an ancient writ used to attack the enforcement of a judgment after it was rendered." Id. Suarez contends that a writ of audita querela is the proper avenue for relief because his sentence was correct when it was rendered but later became unconstitutional after Booker because the sentencing guidelines are no longer mandatory. Although we have noted that "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law," id. at 1175 (quotation omitted), a writ of audita querela may not be granted where the "relief [sought] is cognizable under [28 U.S.C.] § 2255." Id. Here the relief that Suarez seeks—vacating his sentence as unconstitutional—falls within the scope of § 2255.[1] Therefore, Suarez cannot

---

[1] Section 2255 provides, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the

2

seek relief from his sentence under a writ of <u>audita querela</u>.  The district court properly denied his motion.[2]

**AFFIRMED.**

---

Constitution . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

[2] Because Suarez is proceeding <u>pro se</u>, we looked beyond the label of his motion to determine whether his claim is cognizable under another statutory framework.  <u>See</u> <u>United States v. Jordan</u>, 915 F.2d 622, 624–25 (11th Cir. 1990).  The only applicable alternative statutory framework here would be § 2255.  Suarez, however, has specifically requested that we not consider his motion under § 2255 and we will honor that request.  Regardless, Suarez's claim would fail under § 2255 because <u>Booker</u> and <u>Apprendi</u> are not retroactively applicable in that context.  <u>See</u> <u>Valera v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005); <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001).