[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15848
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 96-00025-CR-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY WILLIAM HOLT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 19, 2005)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Gary William Holt, a federal prisoner, appeals the denial of his pro se motion for a writ of audita querela. A prisoner is not entitled to a writ of audita querela when relief is cognizable under 28 U.S.C. § 2255, as was the case here. Moreover, even if Holt's motion is construed as a § 2255 motion, it is an unauthorized successive § 2255 motion, and was properly denied. Accordingly, we **AFFIRM**.

## I. BACKGROUND

Holt was convicted of firearms-related offenses and sentenced to 196 months of imprisonment. We affirmed the conviction on direct appeal. Holt filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, which the district court denied. Holt then filed a pro se motion for writ of audita querela, arguing that, while the jury found him guilty of a Class "C" felony, the district court applied 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"), which changed his offense from a Class "C" to a Class "A" felony. He argued that, pursuant to Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), the district court exceeded its authority, in violation of the Sixth Amendment, by its postverdict factual redetermination. Holt contended that his defense was not available until Blakely was handed down, and that it would be a manifest injustice to not allow him to bring it now. Holt argued that the common

2

law writ of audita querela remains available in federal criminal cases, though it has been abolished in civil cases.  He urged that the writ was proper to address his Blakely defense.

The district court denied Holt's motion, finding that we held that Blakely does not apply retroactively to cases on collateral review.   Holt filed a motion for reconsideration, which the district court denied.   Holt filed a pro se notice of appeal seeking to appeal the denial of his motion for writ of audita querela and the denial of his motion for reconsideration.   The district court granted a certificate of appealability ("COA").

## II.  DISCUSSION

On appeal, Holt argues that a federal court may vacate a criminal conviction or sentence, pursuant to a writ of audita querela, if there is a legal objection that did not exist at the time the judgment was entered.  He contends that the jury considered only the evidence related to a Class "C" felony.  Holt argues that, under Blakely, the district court acted without authority when it sentenced him under the ACCA, increasing his offense from a Class "C" to a Class "A" felony. He contends that the ACCA encompasses a separate offense from 18 U.S.C. § 922(g)(1), under which he was convicted, and must be viewed that way under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny.

3

He asserts that, under the <u>Apprendi</u> line of cases, his Sixth Amendment right to a trial by jury was violated. He argues that, because he had no defense until <u>Apprendi</u> came down in 2000, the issue is legal rather than equitable, and he is entitled to relief pursuant to a writ of <u>audita querela</u>.

Holt contends that he is not seeking the retroactive application of <u>Blakely</u>, but merely the application of the reasoning of that case. In the alternative, he argues that <u>Blakely</u> should apply retroactively because it advanced a new substantive, rather than procedural, rule. Holt asserts that neither § 2255 nor § 2241 are available to him, and that a writ of <u>audita querela</u> is thus his only avenue of relief.

We review <u>de novo</u> the question of whether a prisoner may challenge his sentence by filing a motion for a writ of <u>audita querela</u>. <u>See</u> <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam). <u>Audita querela</u>, Latin for "the complaint having been heard," was an ancient writ used to attack the enforcement of a judgment after it was rendered. BLACK'S LAW DICTIONARY 126 (7th ed. 1999). The common law writ was typically employed a judgment debtor in a civil case against the execution of a judgment because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution. <u>See</u> <u>id.</u>; <u>see also</u> <u>Gonzalez v. Sec'y for the Dep't of</u>

4

Corr., 366 F.3d 1253, 1289 (11th Cir. 2004) (Tjoflat, J., dissenting). The writ of audita querela was abolished, however, in the civil context by the Federal Rules of Civil Procedure. See FED. R. CIV. P. 60(b). We have not addressed the writ's continued applicability in the criminal context.

The authority of federal courts to recognize common law postconviction remedies pursuant to the All Writs Act, 28 U.S.C. § 1651, is governed by the Supreme Court's decision in United States v. Morgan, 346 U.S. 502, 74 S. Ct. 247 (1954). In Morgan, the Court held that a federal prisoner may collaterally to attack his conviction even when he is no longer in custody using the common law writ of coram nobis. See 346 U.S. at 510-11, 74 S. Ct. at 252. In making this determination, the Court found that 28 U.S.C. § 2255 was not enacted to provide the exclusive remedy for a prisoner to obtain postconviction habeas corpus relief in all circumstances. See id. Accordingly, "[t]he teaching of Morgan is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." United States v. Ayala, 894 F.2d 425, 428 (D.C. Cir. 1990); see United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982) (noting that federal courts may recognize common law writs in a criminal context when "necessary to plug a gap in the system of federal postconviction remedies"). Cognizant that a federal prisoner could use a §

5

2255 motion or a writ for <u>coram</u> <u>nobis</u> to mount a collateral attack to obtain postconviction relief, the <u>Ayala</u> court determined a federal prisoner could not use <u>audita querela</u> to challenge a sentence or conviction after it had been rendered because "the traditional writ of <u>audita querela</u> adds nothing to these two forms of relief." <u>See</u> <u>Ayala</u>, 894 F.2d at 428. The Fourth, Fifth, Seventh, Ninth, and Tenth Circuits have determined likewise that a federal prisoner may not use the writ of <u>audita querela</u> where postconviction relief is available through § 2255 or <u>coram nobis</u> motions. <u>See</u> <u>In re Rushing-Floyd</u>, 62 Fed. Appx. 64, 64-65 (4th Cir. 2003) (per curiam); <u>United States v. Banda</u>, 1 F.3d 354, 356 (5th Cir. 1993); <u>Kimberlin</u>, 675 F.2d at 869; <u>Valdez-Pacheco</u>, 237 F.3d at 1080; <u>United States v. Torres</u>, 282 F.3d 1241, 1245 (10th Cir. 2002).

Based on this persuasive authority, we hold that a writ of <u>audita querela</u> may not be granted when relief is cognizable under § 2255. Because, in the instant case, Holt is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is § 2255. <u>See</u> 28 U.S.C. § 2255. Because Holt is proceeding <u>pro se</u>, however, we may liberally construe his <u>audita querela</u> motion as a § 2255 motion. <u>See</u> <u>Sanders v. United States</u>, 113 F.3d 184, 187 (11th Cir. 1997) (per curiam) (noting that a <u>pro se</u> motion should be liberally construed to afford review on any "legally justifiable base"). The Antiterrorism

6

and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), requires that before a second or successive motion or petition is filed, the petitioner first must obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); § 2255 (cross-referencing § 2244). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). In the instant case, Holt previously filed a § 2255 motion and it was denied. Thus, because we did not authorize the district court to consider the instant motion, the district court correctly denied it.

### III. CONCLUSION

In the instant case Holt attacked his sentence by filing the ancient writ of audita querela, asserting deprivation of constitutional rights. We hold that a writ of audita querela may not be granted when relief is cognizable under 28 U.S.C. § 2255, as it is here. Moreover, construing Holt's motion or writ as one made pursuant to § 2255 we find that he has failed to obtain an order from our court authorizing the district court to entertain Holt's second and successive motion for such relief. Accordingly, we **AFFIRM** the judgment of the district court.