[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 7, 2005
THOMAS K. KAHN
CLERK

No. 05-12710
Non-Argument Calendar

_____

D. C. Docket No. 92-00367-CR-1-HLM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITCHELL JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 7, 2005)

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Mitchell Jackson, a federal prisoner serving concurrent 135-month sentences

for drug-related crimes, appeals *pro se* district court's ruling denying his petition

for a writ of *audita querela* through which he sought to be resentenced in light of

the Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S. Ct.

738, 160 L. Ed. 2d 621 (2005). On appeal, Jackson concedes that he cannot raise a

*Booker* claim through a 28 U.S.C. § 2255 proceeding, but argues that the

inadequacy of § 2255 allows him to use the writ of *audita querela* to obtain

postconviction relief.

*Audita querela* was an ancient writ used to attack the enforcement of a

judgment after it was rendered. *United States v. Holt*, 417 F.3d 1172, 1174 (11th

Cir. 2005) (per curiam). "We review *de novo* the question of whether a prisoner

may challenge his sentence by filing a motion for a writ of *audita querela*." *Id*.

"[F]ederal courts may properly fill the interstices of the federal

postconviction remedial framework through remedies available at common law."

*Id*. at 1175 (internal quotation omitted). The writ of *audita querela*, however, may

not be granted when relief is cognizable under § 2255.[1] *Id*. Because Jackson is

---

[1]28 U.S.C. § 2255 provides, in relevant part, that:

> A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that . . . the
> sentence was in excess of the maximum authorized by law . . . may move
> the court which imposed the sentence to vacate, set aside or correct the
> sentence.

collaterally attacking his sentence as unconstitutional, the appropriate avenue of relief is § 2255. *See id*.

Federal courts must look beyond the labels of motions filed by *pro se* inmates to interpret them under whatever statute would provide relief. *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Here, Jackson specifically requested that his motion not be recharacterized as a § 2255 motion. However, Jackson would be unable to obtain *Booker* relief even through a § 2255 motion, as *Booker* is not retroactively applicable to § 2255 cases on collateral review. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam), *cert. denied by* ___ S. Ct. ___, (No. 05-6041, Oct. 3, 2005). Therefore, the district court correctly denied Jackson's motion. Accordingly, we affirm.

**AFFIRMED.**