[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11630
Non-Argument Calendar
_____

D. C. Docket No. 00-00001-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EWIN OSCAR MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 10, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Ewin Oscar Martinez, a federal prisoner proceeding pro se, appeals the

district court's denial of his "Motion for Request Preserved Error Review as to

Sentencing," which he filed pursuant to Rules 201(d) and (f) of the Federal Rules of Evidence. The district court construed the filing as one seeking post-conviction relief under 28 U.S.C. § 2255. We affirm.

The relevant facts are these. On June 2, 2000, Martinez and two co-defendants were convicted of conspiracy to commit hostage-taking, in violation of 18 U.S.C. § 1203(a); hostage-taking, in violation of 18 U.S.C. § 1203(a); conspiracy to commit carjacking, in violation of 18 U.S.C. § 1203(a); carjacking, in violation of 18 U.S.C. §§ 2119(2) and 2; and using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. The district court sentenced Martinez to a life term of imprisonment. We affirmed Martinez's and his co-defendants' convictions and sentences. See United States v. Ferreira, 275 F.3d 1020 (11th Cir. 2001).

In December 2002, Martinez filed a post-conviction motion to vacate, pursuant to 28 U.S.C. § 2255, in which he sought retroactive application of Apprendi v. New Jersey, 530 U.S. 466 (2000). From March 2003 to December 2005, Martinez filed numerous supplements and memoranda, all citing Apprendi and its progeny, in support of his § 2255 motion. While his § 2255 motion remained pending, Martinez, proceeding under his direct criminal case, filed the present "Motion for Request Preserved Error Review as to Sentencing"

2

pursuant to Rules 201(d) and (f) of the Federal Rules of Evidence, in which he sought the district court to take judicial review of Apprendi and its progeny.

On January 27, 2006, the district court denied Martinez's § 2255 motion, and found, inter alia, that "the Eleventh Circuit has unequivocally held that the Supreme Court's ruling in Blakely[1] does not apply retroactively to cases on collateral review." On the same day, by separate order, the district court denied Martinez's "Motion for Request Preserved Error Review as to Sentencing,"stating that the denial was based on "reasons stated in the Court's Order of Final Judgment in Case No. 03-23561-CIV-Lenard (D.E. ___), in which Petitioner's Motion to Vacate Sentence was denied."

On March 6, 2006, Martinez filed a notice of appeal ("NOA") as to the district court's January 27, 2006 denial of his "Motion for Request Preserved Error Review as to Sentencing." We noted a possible lack of jurisdiction due to the untimeliness of Martinez's NOA, which although filed more than 10 days after the order appealed, was filed within the 40-day extension period allowed in criminal cases. For this reason, we remanded the matter to the district court for further proceedings to determine whether Martinez had shown excusable neglect for the late filing of his NOA. On remand, the district court construed Martinez's NOA as

---

[1] Blakely v. Washington, 542 U.S. 296 (2004).

a motion for an extension of time for filing the NOA based on his assertion that he did not receive its order denying his motion until February 28, 2006, nearly one month after its issue, and, therefore, he demonstrated excusable neglect in his late filing of the NOA.[2]

On appeal, Martinez argues that the district court erred by denying his "Motion for Request Preserved Error Review as to Sentencing" in which he requested the court to take judicial notice of Apprendi and its progeny, pursuant to Fed. R. Evid. 201(d), and that the district court illegally enhanced his sentence based on an erroneous interpretation of the law. We disagree.

Because Martinez's "Motion for Request Preserved Error Review as to Sentencing" constituted a collateral attack on his sentence as unconstitutional, the proper avenue of relief was 28 U.S.C. § 2255. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (affirming the district court's denial of a motion for audita querela). A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

_____

[2] We discern no error in the district court's excusable-neglect determination and, accordingly, have jurisdiction over the appeal and will proceed to the merits of Martinez's arguments.

4

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, before filing a second or successive motion or petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the second or successive motion or petition. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 (cross-referencing § 2244). Without such authorization, a district court lacks jurisdiction to consider a second or successive petition. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

When Martinez filed the instant Motion, he already had filed an unsuccessful § 2255 motion (asserting the same Apprendi claim). Accordingly, he was required to seek the permission of this Court prior to proceeding with his "Motion For Request Preserved Error Review As To Sentencing." Because there was no evidence in the record that he had obtained our authorization, the district court had no jurisdiction to consider Martinez's Motion, which, in fact, was a second or successive § 2255 motion. Even though the district court denied Martinez's motion rather than dismissing it for lack of jurisdiction, we nevertheless affirm the district court's ruling.

**AFFIRMED.**