[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14527
Non-Argument Calendar

_____

D. C. Docket No. 87-00516-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO DOYHARZABAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 20, 2009)

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jose Antonio Doyharzabal appeals pro se the district court's denial of his

motion for reconsideration of its order denying his petition for a writ of audita querela.[1] He contends that a writ of audita querela is the only remaining avenue by which he can challenge the constitutionality of his sentence and seek retroactive application of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

We "review de novo the question of whether a prisoner may challenge his sentence by filing a motion for a writ of audita querela." United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005) (per curiam).

Audita querela is "an ancient writ used to attack the enforcement of a judgment after it was rendered." Id. Although we have noted that "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law," id. at 1175 (quotation omitted), a writ of audita querela may not be granted where the "relief [sought] is cognizable under [28 U.S.C.] § 2255." Id. Here the relief that Doyharzabal seeks—vacating his sentence as unconstitutional—falls within the scope of § 2255.[2] Therefore, he

---

[1] Doyharzabal had previously filed an unsuccessful 28 U.S.C. § 2255 motion to vacate his conviction, which the district court denied.

[2] Section 2255 provides, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

cannot seek relief from his sentence under a writ of <u>audita querela</u>. The district court properly denied his motion.

**AFFIRMED.**

---

28 U.S.C. § 2255(a).