[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10728
Non-Argument Calendar

_____

D. C. Docket No. 98-00785-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN LESTER DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 29, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

On February 9, 2000, we affirmed appellant's convictions (following a

bench trial) for conspiracy to possess with intent to distribute cocaine and possession of cocaine with intent to distribute. See 21 U.S.C. §§ 841(a)(1), 846. United States v. Davis, 209 F.3d 724 (11th Cir. 2000) (unpublished). After unsuccessfully moving the district court for relief from the court's judgment pursuant to 28 U.S.C. § 2255, the All Writs Act, 28 U.S.C. § 1651, and 18 U.S.C. § 3582(c)(2), appellant petitioned the court on December 11, 2001, for a writ of audita querela, claiming that the court, in determining his offense level, erred in enhancing his base offense level for being an organizer of a conspiracy and in treating the Sentencing Guidelines as mandatory contrary to the Supreme Court's holding in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The court denied his petition. He now appeals.

Appellant contends that the writ of audita querela is available, pursuant to the All Writs Act, to fill in the gaps in the system of post-conviction relief. He argues that he improperly received a two-level enhancement of his offense level for a leadership role in a criminal organization because the enhancement was imposed in a mandatory guidelines system and the leadership role was not found by a jury.

We review de novo the question of whether a prisoner may challenge his sentence by filing a motion for a writ of audita querela. United States v. Holt, 417

2

F.3d 1172, 1174 (11th Cir. 2005).

The writ of audita querela "was an ancient writ used to attack the enforcement of a judgment after it was rendered." Id. at 1174, quoting Black's Law Dictionary 126 (7th ed. 1999).  It was abolished in the civil context in 1946 by Fed. R. Civ. P. 60(b).  Under the All Writs Act, 28 U.S.C. § 1651, adopted in 1948, it was restored in certain contexts, however.  In United States v. Morgan, 346 U.S. 502, 510-511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954), the Supreme Court noted that at least one common law writ (coram noblis) could be pursued in the criminal context.  We held in Holt that "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law."  Holt, 417 F.3d at 1176.

In Holt, a federal prisoner filed a petition for a writ of audita querela in order to collaterally attack his sentence on the theory that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), was retroactive.  Holt, 417 F.3d at 1174.  We held that "a writ of audita querela may not be granted when relief is cognizable under § 2255."  Id. at 1175.  This applied even where, as in that case, the petitioner had already filed a § 2255 motion; it was denied, and thus the prisoner could only seek postconviction relief by seeking leave to file a successive petition.  Id.  We further construed his pro se filing as a § 2255 petition and held

3

that, since he had already filed a § 2255 petition and had not sought this court's permission to file another, the district court had correctly denied it.

A prisoner in federal custody may challenge his incarceration in a second or successive § 2255 motion if the court of appeals grants him leave to do so. 28 U.S.C. § 2244(b)(3)(A). An appeal of the district court's denial of a successive § 2255 motion may not proceed unless a certificate of appealability ("COA") issues. We therefore construe appellants appeal as an application for a COA. Fed. R. App. P. 22(b)(1).

The holding in Holt applies here. Appellant attacks his sentence collaterally, has already filed a § 2255 motion, which was denied on the merits, and therefore must seek permission to file a successive § 2255 motion. The writ of audita querela does not apply because other postconviction relief is available. Because he previously failed to obtain permission to file a successive petition from this court, the district court's denial was correct.

AFFIRMED.