[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2010
JOHN LEY
CLERK

No. 09-14784
Non-Argument Calendar
_____

D. C. Docket No. 99-00158-CR-T-17-A

JOSE LUIS AREVALO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2010)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Luis Arevalo, pro se, appeals the denial of his motion for a writ of error

audita querela. After careful review, we affirm because the relief Arevalo seeks

was cognizable under 28 U.S.C. § 2255 and because Arevalo failed to obtain a Certificate of Appealability to file a second or successive § 2255 petition.

We review "de novo the question of whether a prisoner may challenge his sentence by filing a motion for a writ of audita querela." United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005). "Audita querela, Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." Id. (citation omitted). It is clear that "a writ of audita querela may not be granted when relief is cognizable under § 2255." Id. at 1175. It is also clear that the claim Arevalo makes in his audita querela motion -- that his conviction should be collaterally overturned because the Supreme Court's recent decision in United States v. Santos, 128 S. Ct. 2020 (2008) applies retroactively -- is cognizable under § 2255. See e.g., Bousley v. United States, 523 U.S. 614, 620-21 (1998) (explaining that where a defendant was convicted "for an act that the law does not make criminal," he raises a claim cognizable in a § 2255 proceeding); Holt, 417 F.3d at 1175 (finding that a claim collaterally attacking a conviction based on the retroactive application of a Supreme Court case is cognizable under § 2255); Gonzalez v. Sec'y for Dept. Of Corr., 366 F.3d 1253, 1260 (11th Cir. 2004) (en banc), aff'd on other grounds, 545 U.S. 524 (2005) ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside

because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack.").

Because Arevalo is proceeding <u>pro se</u>, we "may liberally construe his <u>audita querela</u> motion as a § 2255 motion." <u>Id.</u> However, Arevalo has already filed § 2255 petition that was denied by the district court in 2005. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), a district court can only consider a second or successive § 2255 petition if the petitioner has first obtained a Certificate of Appealability from this Court granting him permission to file a second or successive habeas petition. 28 U.S.C. §§ 2244(b)(3)(A). Because Arevalo failed to obtain a Certificate of Appealability to challenge his conviction in a second or successive § 2255 petition, the district court could not have erred in denying his claim.

**AFFIRMED.**