[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2010
JOHN LEY
CLERK

No. 09-12912
Non-Argument Calendar

_____

D.C. Docket Nos. 08-14411-CV-DLG, 00-14088-CR-DLG

JOHNNY EDWARD CARTER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(December 14, 2010)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Johnny Edward Carter, a federal prisoner, appeals pro se the dismissal of his

second motion to vacate his conviction. 28 U.S.C. § 2255. The district court

dismissed Carter's motion as untimely and granted Carter a certificate of appealability. We vacate and remand for further proceedings.

Carter was convicted of conspiracy to possess with intent to distribute over five grams of cocaine base and sentenced as a career offender to 360 months of imprisonment. 21 U.S.C. §§ 841(a)(1), 846. Carter moved to vacate or set aside his conviction or sentence, 28 U.S.C. § 2255, which the district court dismissed as untimely. This Court affirmed and agreed that Carter's motion was "plainly barred by §2255's statute of limitations." Carter v. United States, No. 04-12044 (11th Cir. Aug. 16, 2004). Carter later moved to reduce his sentence, 18 U.S.C. § 3582(c), and that motion is pending in the district court.

Carter moved a second time to vacate or set aside his conviction or sentence. 28 U.S.C. § 2255. The government moved to dismiss the motion because Carter had failed to obtain leave to file a second or successive motion. A magistrate judge denied the motion to dismiss on the ground that Carter sought to reduce his sentence, 18 U.S.C. § 3582(c), and recommended that the district court deny the motion as untimely and, in the alternative, as lacking merit. Carter objected to the recommendation and argued that he had moved to vacate his sentence under section 2255 and his motion was timely. The district court adopted the recommendation of the magistrate judge.

Although neither party challenges our jurisdiction, "we are obligated to address jurisdictional questions sua sponte." Thomas v. Blue Cross and Blue Shield Ass'n, 594 F.3d 823, 828 (11th Cir. 2010) (quoting Frulla v. CRA Holdings, Inc., 543 F.3d 1247, 1250 (11th Cir. 2008)). "An appellate court 'must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review.'" Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999)). "[T]his requirement involves the court's competency to consider a given type of case, [and] it cannot be waived or otherwise conferred upon the court by the parties." Id. (internal quotation marks omitted).

The district court lacked jurisdiction to entertain Carter's second motion to vacate. Because Carter "is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is [section] 2255." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). The district court dismissed Carter's first motion to vacate as untimely, that dismissal constituted a dismissal with prejudice, and Carter has not sought permission from this Court to file a successive motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); see Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007). "Without authorization, the

3

district court lack[ed] jurisdiction to consider [Carter's] second or successive petition." Holt, 417 F.3d at 1175.

We **VACATE** the dismissal of Carter's motion to vacate and **REMAND** for the district court to dismiss the motion for a lack of jurisdiction.

**VACATED AND REMANDED.**