[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2011
JOHN LEY
CLERK

No. 10-14326
Non-Argument Calendar

_____

D.C. Docket No. 1:92-cr-00619-UU-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK A. MAYNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 29, 2011)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Mark A. Mayne, a pro se federal prisoner, appeals the denial of his petition

for a writ of audita querela, filed pursuant to the All Writs Act, 28 U.S.C. § 1651.

After review, we affirm.[1]

Mayne's petition collaterally attacks his sentence in light of <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005).  Because the relief Mayne seeks—the vacatur of his original sentence on constitutional grounds—is cognizable under 28 U.S.C. § 2255, the district court correctly denied his petition for a writ of <u>audita querela</u>.  <u>See</u> <u>United States v. Holt</u>, 417 F.3d 1172, 1173-75 (11th Cir. 2005).

Additionally, Mayne previously filed a § 2255 motion, which was denied, and Mayne did not obtain authorization from this Court to file a second § 2255 motion.  Thus, the district court lacked jurisdiction to review Mayne's <u>pro se</u> petition as a second or successive § 2255 motion.  <u>See</u> <u>id.</u> at 1175.  Further, we would not have authorized a second or successive § 2255 motion because the constitutional rule announced in <u>Booker</u> does not apply retroactively on collateral review.  <u>See</u> <u>In re Anderson</u>, 396 F.3d 1336, 1339-40 (11th Cir. 2005).

**AFFIRMED.**

---

[1]"We review <u>de novo</u> the question of whether a prisoner may challenge his sentence by filing a motion for a writ of <u>audita querela</u>."  <u>United States v. Holt</u>, 417 F.3d 1172, 1174 (11th Cir. 2005).