[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10508
Non-Argument Calendar
_____

D.C. Docket No. 1:90-cr-00095-WS-14

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

TIMOTHY ORLANDO RAINEY,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 6, 2013)

Before WILSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Timothy Rainey appeals the denial of his writ of *audita querela*. On November 29, 1988, Rainey was found guilty in Alabama state court of trafficking cocaine and sentenced to 15 years in prison. In October 1992, while serving his state sentence, Rainey was charged in a multi-count, multi-defendant indictment in the Southern District of Alabama for conspiring to possess with the intent to distribute cocaine and marijuana. In June 1995, a federal jury found Rainey guilty, and he was sentenced to 300 months' incarceration, "not . . . [to] run concurrently" with his state sentence.[1]

At the time of Rainey's federal sentencing, the parties and the court believed that he was scheduled to be released from state custody in April 1996, based on his state good time credits. After his federal sentencing, however, Rainey learned that there had been a mistake in calculating his state good time credits, and that he was ineligible for full good time credit. As a result, his state custody release date was recalculated to be March 11, 2006. At the beginning of his federal sentence, the Bureau of Prisons denied Rainey's request for "jail credit" based on his time spent in state custody.

On March 21, 2012, Rainey filed a motion for a writ of *audita querela*, requesting that his sentence be vacated and a new sentencing hearing be held. The district court denied the motion. On appeal, Rainey contends that the federal

---

[1] Rainey's motion for a new trial was denied, and we affirmed his conviction and sentence on direct appeal. *United States v. Rainey*, 107 F.3d 24 (11th Cir. 1997).

sentencing court based his sentence on a mistake of fact—specifically, that he would be released from state custody in April 1996—when it sentenced him to 300 months' imprisonment and ordered that his federal sentence not be served concurrently with his state sentence. Rainey maintains that the district court erred because (1) the writ of *audita querela* is available to fill gaps in the post-conviction system of relief, (2) he is seeking to correct the mistake of fact under which the sentencing court operated, and (3) the remedy he seeks is not available under 28 U.S.C. § 2255 because his claim is not constitutional in nature. He also argues that the alleged mistake of fact must be corrected in order to avoid an unconscionable result. After a thorough review of the briefs and record, we affirm.

## I.

"We review de novo the question of whether a prisoner may challenge his sentence by filing a motion for a writ of *audita querela*." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (per curiam). The writ of *audita querela* "was an ancient writ used to attack the enforcement of a judgment after it was rendered." *Id.* The writ was abolished in the civil context by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 60(e). Nevertheless, pursuant to the All Writs Act, 28 U.S.C. § 1651, federal courts have the authority "to recognize common law postconviction remedies," *Holt*, 417 F.3d at 1174, and "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

3

principles of law." 28 U.S.C. § 1651(a). Federal courts do not, however, have unfettered discretion to issue writs under the act, as explained by the United States Supreme Court:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S. Ct. 355, 361 (1985). Similarly, we have held that "a writ of *audita querela* may not be granted when relief is cognizable under [28 U.S.C.] § 2255." *Holt*, 417 F.3d at 1175.

Under § 2255, a prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that (1) the sentence was imposed in violation of United States laws or the Constitution, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence exceeded the statutory maximum punishment, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a); *see Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (noting that § 2255 relief is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice" (internal quotation marks omitted)). When a prisoner "raises claims outside the scope of § 2255(a),

4

that is, claims concerning execution of his sentence," however, those challenges should be brought under 28 U.S.C. § 2241.  *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008).

Here, the district court did not err by denying Rainey's motion for a writ of *audita querela*.  First, Rainey's challenge is not cognizable under § 2255, as his claim does not implicate any of the four grounds enumerated in § 2255(a); accordingly, it must be brought under § 2241.  *See* 28 U.S.C. § 2255(a).[2]  Existing precedent makes clear that the common law writ is unavailable where, as here, statutory forms of relief are available.  *See Pa. Bureau of Corr.*, 474 U.S. at 43, 106 S. Ct. at 361.  Accordingly, we hold that because Rainey's challenge is cognizable under § 2241, and therefore "otherwise covered by statute," relief under a writ of *audita querela* is inappropriate.[3]  *See id.*

Second, contrary to Rainey's assertion, the federal sentencing court did not base Rainey's sentence on a mistake of fact.  Instead, the court explicitly calculated

---

[2] Although Rainey requests that the district court vacate his original sentence and impose a new sentence, his motion actually challenges either (1) the district court's decision to order the federal sentence "not . . . [to] run concurrently" with the then-undischarged state sentence, or (2) the federal Bureau of Prisons' decision not to credit him with the additional time that he served in state prison due to the good time credit miscalculation.  Therefore, Rainey is challenging the execution of his sentence, not the validity of his underlying conviction or sentence, such that this argument should have been raised in a § 2241 petition.  *See Antonelli*, 542 F.3d at 1352.

[3] In addition, because Rainey exclusively argues that the district court should have granted his writ of *audita querela*, he has abandoned any argument that we should construe his motion as a § 2241 petition, and we decline to do so here.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised in an appellant's initial brief are deemed abandoned).

5

Rainey's 300 month sentence by determining the mid-point between his appropriate Sentencing Guidelines range of 292 to 365 months, and then reducing that range by 28 months for the time that Rainey spent in state custody before federal charges were filed.  Because there are statutory forms of relief available to Rainey, and because the sentencing court did not base Rainey's sentence on a mistake of fact, we affirm.

**AFFIRMED.**

MARTIN, Circuit Judge, concurring:

I concur in the majority's decision affirming the District Court's denial of Mr. Rainey's writ of audita querela. Because the record does not reflect that the length of time the state prison authorities would require Mr. Rainey to serve on his 15-year state prison sentence made any difference to the District Court at sentencing, I would affirm the District Court's denial of relief on this basis alone. Having reached that decision, I would not go on to decide whether a material mistake of fact is cognizable in a writ of audita querela. Neither would I decide the related questions of whether such a mistake is (or is not) cognizable under 28 U.S.C. §§ 2241 or 2255.

My review of the sentencing transcript and the presentence report lead me to conclude that the District Court did not base Mr. Rainey's sentence on a mistake of fact. I simply find no record support for Mr. Rainey's assertion that the District Court "was operating under a mistake of fact concerning [Mr.] Rainey's undischarged state sentence, or that his decision to run the two sentences consecutively was driven in any way by his understanding of how much good time [Mr.] Rainey would be granted by state corrections officials." Doc. 159 at 4. Just the opposite seems true.

At the time of Mr. Rainey's federal sentencing in 1995, the then-mandatory United States Sentencing Guidelines required the District Court to run Mr.

Rainey's federal sentence consecutive to his undischarged 15-year state sentence. See USSG § 5G1.3(a) (1994) ("If the instant offense was committed while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run <u>consecutively</u> to the undischarged term of imprisonment" (emphasis added).).   Here, the presentence report (PSR) indicated that USSG § 5G1.3 required the district court to run Mr. Rainey's federal sentence consecutive to Mr. Rainey's undischarged term of state imprisonment. See PSR ¶ 82.  And the District Court specifically overruled Mr. Rainey's objection to PSR paragraph 82 during the sentencing hearing. See Doc. 157-5 at 13 ("Objection 82 . . . the Court will deny that objection.  The Court will not have this run concurrently.").  Thus it seems clear that the District Court imposed Mr. Rainey's federal sentence to run consecutive to his 15-year state sentence of imprisonment because the Guidelines compelled it, not because of some mistake about Mr. Rainey's anticipated release date for his state sentence.

On this record, I would not reach the question of whether a material mistake of fact is a cognizable basis for invoking the writ of <u>audita querela</u> or the related questions of whether a material mistake of fact is cognizable under 28 U.S.C. §§ 2241 or 2255.  While I agree with the majority that common law writs are unavailable where statutory forms of relief are available, see Majority Opinion at

5, I hesitate to decide the larger issue of cognizability, such as whether a material mistake of fact that impacts a federal sentence is cognizable under § 2241, but not § 2255.  It is my understanding "that a sentencing court cannot rely on false assumptions without violating the due process clause," at least in some circumstances.  See United States v. Dean, 752 F.2d 535, 544 (11th Cir. 1985) (quotation marks omitted); see also United States v. Tucker, 404 U.S. 443, 447, 92 S. Ct. 589, 592 (1972) (remanding for resentencing "a sentence founded at least in part upon misinformation of constitutional magnitude"); Townsend v. Burke, 334 U.S. 736, 740–41, 68 S. Ct. 1252, 1255 (1948) ( explaining the Court's concern that "this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue"; and that, "[s]uch a result, whether caused by carelessness or design, is inconsistent with due process of law").

9