[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15581
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-23005-KAM


HECTOR ORLANSKY,

                                                     Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                     Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 28, 2015)

Before WILSON, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Hector Orlansky, a federal prisoner proceeding pro se, appeals the district court's denial of his petition for a writ of audita querela filed pursuant to 28 U.S.C. § 1651, by which he sought to reduce his restitution obligations.  The district court denied Orlansky's petition after finding that the restitution order did not have any legal defect and that the court in his underlying criminal proceeding had the power to reduce his restitution obligations pursuant to 18 U.S.C. § 3664(j)(2).  Shortly after this order, the court in Orlansky's criminal proceeding actually did reduce his restitution obligations under § 3664(j)(2).  Orlansky argues on appeal that the district court erred in denying a writ of audita querela because the exact amount of the restitution reduction remains undetermined in his criminal proceeding.

We review de novo whether a petitioner is entitled to a writ of audita querela.  United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005) (per curiam). The writ of audita querela is "an ancient writ used to attack the enforcement of a judgment after it was rendered."  Id.  The writ was typically employed by a debtor in a civil case to stop a judgment's execution "because of some defense or discharge arising subsequent to the rendition of the judgment."  Id.  A writ of audita querela is now available only to attack a criminal judgment.  See Fed. R. Civ. P. 60(e).

Federal courts have the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

law."  28 U.S.C. § 1651(a).  However, this "residual source of authority to issue writs that are not otherwise covered by statute" does not apply if a statute specifically addresses the issue.  Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S. Ct. 355, 361 (1985).  Where a statute has a mechanism for relief, we may not grant a writ of audita querela.  See Holt, 417 F.3d at 1175.

Under 18 U.S.C. § 3664(f), a restitution order must set the restitution amount as the full amount of a victim's loss without any reduction for third-party compensation to the victim.  18 U.S.C. § 3664(f)(1).  However, the court may reduce a restitution order "by any amount later recovered as compensatory damages for the same loss by the victim."  Id. § 3664(j)(2).

The district court did not err in denying Orlanksy's petition for a writ of audita querela.  Orlansky's main argument is that we should reduce his restitution order to prevent the victim in his case from receiving a double recovery as a result of compensatory damages the victim received from another party for the same loss.  However, § 3664(j)(2) provides a statutory remedy for just this situation.  In fact Orlansky has already sought and received a reduction in his restitution obligation based on this statutory remedy.  This statutory remedy forecloses relief by way of a writ of audita querela.  See Holt, 417 F.3d at 1175.

To the extent Orlansky's brief can be construed as challenging the court's restitution reduction under § 3664(j)(2) in his criminal proceeding, we lack

3

jurisdiction to consider that challenge.  We have jurisdiction to review "only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal."  Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987).  Orlansky appealed only the district court's dismissal of his petition for a writ of audita querela, not any judgment in his criminal proceeding.  The district court thus did not err by denying Orlanksy's petition for a writ of audita querela.

Upon careful review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**