[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11976
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cv-81203-RLR


ISABELLA RALSTON CHARNLEY,
Citizen of the United States of America and Resident of Florida Pro Se,

Plaintiff-Appellant,

versus

THE TOWN OF SOUTH PALM BEACH FLORIDA,
MAURICE JACOBSON,
in his individual and official capacity,
MARTIN MILLAR,
in his individual and official capacity,
DONALD W. CLAYMAN,
in his individual and official capacity,
REX TAYLOR,
in his individual and official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 13, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Isabella Ralston Charnley filed suit against the Town of South Palm Beach, Florida (SPB) and twelve individually named current or former town officials (collectively, the Defendants) for violations of her federal constitutional and statutory rights.[1] In her Third Amended Complaint, Charnley alleged violations of her First Amendment, Fourth Amendment, and Fourteenth Amendment rights under 42 U.S.C. § 1983, as well as civil conspiracy under 42 U.S.C. § 1985, in connection with her participation in several local town meetings.

The district court concluded that seven of the twelve individual defendants enjoyed absolute legislative immunity from suit, the remaining five individual defendants enjoyed qualified immunity from suit, and Charnley failed to state a claim against SPB. Therefore, the court entered summary judgment for the Defendants. Charnley filed this timely appeal.

---

[1] Because Charnley is proceeding pro se, we have "liberally construed" her filings "to afford review on any legally justifiable bas[is]." *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).

On appeal, Charnley argues that she had a valid (1) First Amendment claim because citizen comments at a town hall meeting are core political speech and when she tried to express her views, her comments were interrupted and cut short, she was harassed, and, on one occasion, she was threatened with arrest; (2) Fourth Amendment claim because, when she refused to leave the podium after her allotted speaking time expired, the town's chief of police blocked her exit and prevented her from walking away, without probable cause; (3) equal protection claim, because the Defendants treated her differently than similarly situated individuals without a rational basis when they allowed other town residents to call out during town hall meetings, ask direct questions, speak off-topic, and exceed allotted speaking time, while she was gaveled out of order, interrupted, removed, or threatened with arrest for the same behavior; and (4) § 1985 claim, because the Defendants conspired to abridge her free speech and violate their oath to uphold the town charter.[2]  Additionally, Charnley asserts that none of the defendants is entitled to immunity and SPB is liable for failure to educate or train its officers to follow municipal and state law.

After careful consideration of the record and the parties' briefs, we find no reversible error as to any issue Charnley raised.  For substantially the same reasons

---

[2] Charnley did not provide any briefing on her substantive due process claim.  Thus, she abandoned that claim on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." (citations omitted)).

given by the thorough opinion of the district court, we conclude that the court properly dismissed all Charnley's claims.

   **AFFIRMED.**