[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10725
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-25316-DMM

PAULINO GRANDA,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 15, 2017)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Paulino Granda, a federal prisoner proceeding *pro se*, appeals the district court's denial of his petition for a writ of *audita querela*.  Granda contends the district court's refusal to review his petition was a violation of the Suspension Clause.  Granda also asserts he had no other avenue for relief for his claim regarding the constitutionality of his sentence because his earlier 28 U.S.C. § 2255 motion to vacate had been dismissed as time-barred.  After review,[1] we affirm.

The All Writs Act states "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  When a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that controls.  *Carlisle v. United States*, 517 U.S. 416, 429 (1996).  In the criminal context, "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law."  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (quotations omitted).

The writ of *audita querela* "was an ancient writ used to attack the enforcement of a judgment after it was rendered" and was abolished in the civil context by Federal Rule of Civil Procedure 60(b), but remains available in some

---

[1] "We review *de novo* the question of whether a prisoner may challenge his sentence by filing a petition for a writ of *audita querela*." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005).

criminal contexts. *See id.* at 1174.   A writ of *audita querela* may not be granted when relief is cognizable under § 2255. *Id.* at 1175.  When a prisoner attacks his sentence "as violating the United States Constitution, the proper avenue of relief is § 2255." *Id.*  This rule applies even when a prisoner's only remaining remedy is to seek leave to file a successive or second § 2255 motion because his original § 2255 motion has already been denied. *See id.* at 1174-75.  In order to file a second or successive § 2255 motion to vacate, a prisoner must first obtain our leave to file and must allege either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

The district court did not err in denying Granda's petition for a writ of *audita querela*.  Granda alleged several claims that the enhancement to his sentence was unconstitutional.  As claims challenging the constitutionality of a sentence are cognizable under § 2255, Granda could not obtain a writ of *audita querela* to pursue them.  *See Holt*, 417 F.3d at 1175; *Carlisle*, 517 U.S. at 429.  Moreover, the district court properly noted if it construed his petition as a § 2255 motion, then it would lack jurisdiction to consider it because Granda had not obtained leave to file a second or successive § 2255 motion.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)  (explaining the district court lacks

jurisdiction to consider a second or successive habeas petition without the authorization of the appropriate court of appeals); 28 U.S.C. § 2255(h).

The district court also did not violate the Suspension Clause when it denied Granda's petition for a writ of *audita querela*.  The inability of a prisoner to file a second or successive § 2255 motion is not a violation of the Suspension Clause. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1095 (11th Cir.) (*en banc*), *petition for cert. filed*,  (U.S. Jul. 12, 2017) (No. 17-85) (stating, in the context of the § 2255 saving clause, the Suspension Clause is not violated when "a prisoner cannot file a successive collateral attack").  The district court did not err in denying Granda's petition for a writ of *audita querela* because his claims were cognizable under § 2255, even though his initial § 2255 motion had already been denied.  *See Holt*, 417 F.3d at 1174-75.

**AFFIRMED.**

4