[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12641
Non-Argument Calendar
_____

D.C. Docket Nos. 5:16-cv-00264-LC-EMT; 5:95-cr-05016-LC-EMT-1

JAMES KEITH JOHNSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 25, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

James Johnson, a federal prisoner proceeding *pro se*, appeals from the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate as successive. On appeal, Johnson argues that his second § 2255 motion was not successive because the facts supporting that motion, namely, the state court's orders vacating his prior attempted robbery convictions, which were used to enhance his federal sentence, did not "exist" when he filed his first § 2255 motion.

We review the district court's dismissal of a § 2255 motion as "second or successive" *de novo*. *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner who has previously filed a § 2255 motion must apply for and obtain authorization from a court of appeals before filing a "second or successive" § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent prior authorization from a court of appeals, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

The phrase "second or successive" is not self-defining, however, and does not refer to all habeas applications filed second in time. *Stewart*, 646 F.3d at 859. "[W]hen a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive.'" *Id.* at 860.

2

The AEDPA also imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following the latest of four possible events, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In *Johnson v. United States*, the Supreme Court held that the state-court *vacatur* of a prior conviction, which was used to enhance a federal prisoner's sentence, was a new "fact" triggering a fresh limitations period under § 2255(f)(4), so long as the petitioner exercised due diligence in seeking the *vacatur* of his state-court convictions. 544 U.S. 295, 302, 304-07 (2005). The Court held that due diligence "can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." *Id.* at 308.

In *Stewart*, we extended *Johnson*'s reasoning to the AEDPA's successive bar, holding that a prisoner's second § 2255 motion was not successive because the factual basis for his claim—the *vacatur* of the prior state convictions used to enhance his federal sentence—did not exist before the proceedings on his first § 2255 motion had concluded. *Stewart*, 646 F.3d at 863-65. We ultimately held that Stewart's second-in-time § 2255 motion was not successive because his state court convictions were vacated after the proceedings on his initial § 2255 motion concluded, and he acted with due diligence by setting out to have his state

3

convictions vacated just weeks after he was sentenced as a career offender. *Id.* at 864-65.

Here, if Johnson was duly diligent, his § 2255 motion filed on September 12, 2016, was not second or successive based on the reasoning in *Stewart*. The district court, however, never analyzed whether Johnson's § 2255 motion was successive under *Stewart*. Johnson has alleged, but not established, that he exercised due diligence in seeking the orders vacating his Alabama attempted robbery convictions. Accordingly, we vacate the district court's order dismissing Johnson's § 2255 motion as successive, and remand for an evaluation of Johnson's due diligence.

**VACATE AND REMAND.**[1]

---

[1] Johnson's motion for appointment of counsel is DENIED.