[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-11744

Non-Argument Calendar

————————————————

ROBERT MARVIN HARRIS,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-60828-KMW

————————————————

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Robert Marvin Harris, a federal prisoner, appeals *pro se* the dismissal of his successive motion to vacate his sentence. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The United States moves for a summary affirmance and to stay the briefing schedule. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and dismiss as moot the motion to stay the briefing schedule.

"Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack." *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011). A federal prisoner must file a motion to vacate, 28 U.S.C. § 2255, to collaterally attack the legality of his sentence. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). The prisoner must obtain permission from this Court to file a second or successive motion to vacate. 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Summary affirmance is appropriate because there is no substantial question that the district court lacked jurisdiction to consider Harris's motion to vacate. *See Groendyke*, 406 F.2d at 1162. Despite labeling his filing as a "motion to reopen," Harris repeated the argument made in several of his postconviction motions that his sentence was erroneously enhanced based on a prior conviction for a drug offense. *See Harris v. United States*, 815 F. App'x 497 (11th Cir. 2020); *Harris v. United States*, 793 F. App'x 990 (11th Cir. 2020); *Harris v. United States*, 808 F. App'x 849 (11th Cir. 2020); *Harris v. United States*, 667 F. App'x 736 (11th Cir. 2016); *United States v. Harris*, 390 F. App'x 985 (11th Cir. 2010). Harris had to challenge the validity of his sentence in a motion to vacate. *See McCarthan*, 851 F.3d at 1081. Because Harris previously filed a motion to vacate that the district court denied on the merits, he had to obtain permission to file the present motion. 28 U.S.C. § 2255(h). And because Harris failed to obtain our permission to file a successive motion, the district court was required to dismiss his motion to vacate. *See Holt*, 417 F.3d at 1175.

We **GRANT** the motion for summary affirmance, **AFFIRM** the dismissal of Harris's motion to vacate, and **DISMISS AS MOOT** the motion to stay the briefing schedule.