**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12316

Non-Argument Calendar

————————————

KEITH JELKS,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket Nos. 1:19-cv-00321-MW-GRJ,
1:17-cr-00014-MW-GRJ

————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Keith Jelks, a federal prisoner proceeding pro se, appeals the district court's order denying his motion to reopen his sentence.

2                    Opinion of the Court                    24-12316

Although Jelks's filing was styled as a Rule 60(b) motion, the district court construed it as a second or successive 28 U.S.C. § 2255 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); Fed. R. Civ P. 60(b). Rightly so. Jelks sought to "add a new ground for relief" from his sentence: that the district court wrongly enhanced his sentence under 28 U.S.C. § 851 after finding that his prior state drug conviction qualified as a serious drug offense. *Gonzalez*, 545 U.S. at 532. Because he did not obtain authorization from this Court to file a successive habeas petition, the district court lacked jurisdiction to consider his request. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). We thus **GRANT** the government's motion for summary affirmance.[1]

⋆    ⋆    ⋆

The district court's judgment is **AFFIRMED.**

---

[1] We also **DENY** Jelks's motions to adopt certain statements as facts, to strike the government's response, and for judicial notice.