[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10152
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00396-AJ-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2012)

Before BARKETT, PRYOR and BLACK, Circuit Judges.


PER CURIAM:

Henry Richardson, a federal prisoner proceeding *pro se*, appeals the district court's order denying his petition for a writ of *audita querela* and, alternatively, relief under Federal Rule of Civil Procedure 60(b).  In 2002, a jury convicted Richardson of conspiracy to possess a controlled substance, in violation of 21 U.S.C. § 846; conspiracy to interfere with commerce by threats and violence, in violation of 18 U.S.C. § 1951(a); conspiracy to use a firearm during a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(o); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced Richardson to 360 months' imprisonment.

Prior to filing this petition, Richardson had previously filed a motion to vacate under 28 U.S.C. § 2255.  The district court denied Richardson's § 2255 motion on the merits.  On appeal, Richardson reasserts the substantive challenges to his convictions that he made in his initial § 2255 motion and his petition for a writ of *audita querela*.  Those challenges relate to allegedly false testimony presented at Richardson's 2002 trial.  Richardson argues that a petition for a writ of *audita querela* was his only avenue for challenging his convictions.

We review *de novo* whether a prisoner may challenge his sentence by filing

a petition for a writ of *audita querela*. *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005). We review *de novo* questions concerning jurisdiction. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation omitted).

A petition for a writ of *audita querela* may not be granted when relief is cognizable under § 2255. *Holt*, 417 F.3d at 1175. Under § 2255,

> [a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). We may liberally construe a petition for a writ of *audita querela* as a motion under § 2255. *Holt*, 417 F.3d at 1175.

Rule 60(b) provides a limited basis for a party to seek relief from a final judgment in a habeas case. *Williams*, 510 F.3d at 1293. When, in a purported Rule 60(b) motion, a defendant challenges the validity of his conviction by seeking to add a new ground for relief not previously raised or attacking the merits of a district court's previous resolution of a claim on the merits, the motion is properly

construed as a second or successive § 2255 motion. *See id.* at 1293-94; *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S. Ct. 1001 (2012).

A prisoner may not file a second or successive § 2255 motion without prior certification from this Court. 28 U.S.C. § 2255(h); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002). Absent such permission, the district court lacks jurisdiction to address the § 2255 motion and must dismiss it. *See Williams*, 510 F.3d at 1294-95; *Holt*, 417 F.3d at 1175.

Richardson's claim in his petition for a writ of *audita querela* is cognizable under 28 U.S.C. § 2255, and thus, his claim was not properly raised in a petition for a writ of *audita querela*. Even if Richardson's petition was construed as a § 2255 motion, it would have been a second or successive motion. The district court lacked jurisdiction to consider the merits of a second or successive § 2255 motion because Richardson did not obtain authorization from this Court prior to filing. Similarly, to the extent Richardson sought relief under Rule 60(b), he was not entitled to it. Richardson's petition challenged the validity of his conviction, rather than a defect in the integrity of his earlier § 2255 motion proceeding. *Gilbert*, 640 F.3d at 1323. Accordingly, we affirm the district court's denial of Richardson's petition.

**AFFIRMED.**