[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14489
Non-Argument Calendar
_____

D.C. Docket No. 0:95-cr-06031-KLR-1

NORMAN ROBINSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 29, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Norman Robinson, a federal prisoner proceeding pro se, appeals the denial

of his Federal Rule of Civil Procedure 60(b) motion to vacate his sentence.

Because the district judge lacked jurisdiction, we vacate and remand with instructions to dismiss.

## I. BACKGROUND

In 1995, Robinson was convicted of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Before sentencing, the government notified Robinson it was seeking an enhanced sentence under 21 U.S.C. §§ 841 and 851, based upon his two prior convictions for possession of cocaine.  The United States Probation Office also prepared a presentence investigation report, showing Robinson was classified as a career offender under U.S.S.G. § 4B1.1.  Robinson's Sentencing Guidelines imprisonment range was 360 months to life.  The district judge sentenced Robinson to 360 months of imprisonment on each count to run concurrently.

In 1999, Robinson filed a timely pro se, habeas petition under 28 U.S.C. § 2255 and raised seven claims of ineffective assistance of counsel.  The district judge denied the motion on the merits.  Robinson appealed; we declined to issue a certificate of appealability ("COA").  Thereafter, in his criminal case, Robinson filed multiple pro se 18 U.S.C. § 3582(c)(2) motions to reduce his sentence, which were denied.  He then filed a Rule 60(b) motion and challenged the district judge's

denial of one of his § 3582(c)(2) motions.  The district judge denied the Rule 60(b) motion.

On July 15, 2013, Robinson filed another Rule 60(b) motion, the subject of this appeal, and challenged his conviction and sentence.  He contended the grand jury should have been informed of, and the indictment should have contained, information relating to the 21 U.S.C. § 851 enhancement, his career-offender classification, and his potential sentence of life imprisonment.  He argued the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013), required the government to prove to the jury every fact used to trigger or enhance his sentence beyond a reasonable doubt.

On August 13, 2013, the district judge denied the Rule 60(b) motion.  The judge stated he had reviewed the relevant portions of the record but did not specify the reasons for his decision.  Robinson moved for reconsideration and maintained *Alleyne* was applicable to his case retroactively.  The district judge denied the motion for reconsideration.

On appeal proceeding pro se, Robinson argues the district judge should have reopened his § 2255 proceeding, based on the Supreme Court's decision in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276 (2013).  He maintains *Alleyne* is applicable to his case retroactively and requires reversal, because the jury did not find the specific facts the district judge used to enhance his sentence.

3

## II. DISCUSSION

We typically review a district judge's denial of a Rule 60(b) motion for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). We review de novo whether the district judge properly exercised jurisdiction over a claim. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (per curiam). Where a district judge lacked jurisdiction, we have jurisdiction only for the limited purpose of correcting the district judge's error in considering the claim. *See Williams v. Chatman*, 510 F.3d 1290, 1294-95 (11th Cir. 2007) (per curiam) (recognizing the district judge lacked jurisdiction to consider an impermissible successive habeas corpus petition, vacating the judge's order, and remanding with instructions to dismiss).

A federal prisoner seeking relief from his conviction or confinement may file, pursuant to 28 U.S.C. § 2255, a motion to vacate in district court. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). A prisoner may not file a second or successive motion under § 2255 without our permission. 28 U.S.C. § 2255(h). Absent our permission, a district judge lacks jurisdiction to address the motion and must dismiss it. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam). We look beyond the label of a prisoner's post-conviction motion to determine if he actually is seeking relief under § 2255. *See, e.g.*, *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (construing a federal

4

prisoner's Rule 60(b) motion as a successive § 2255 petition); *Franqui v. Florida*, 638 F.3d 1368, 1374 (11th Cir. 2011) (construing a state prisoner's Rule 60(b) motion as a successive habeas petition).  A Rule 60(b) motion, which asserts a claim for relief, rather than "pointing out a defect in the integrity of the earlier § 2255 motion proceeding . . . is the equivalent of a second or successive motion and is barred by § 2255(h)." *Gilbert*, 640 F.3d at 1323.

Robinson's Rule 60(b) motion constitutes an impermissible second or successive § 2255 motion.[1]  The motion challenges his convictions and sentences and does not state a defect in the integrity of the earlier § 2255 proceedings. *Gilbert*, 640 F.3d at 1323.  Robinson asserts he should not have been convicted and sentenced to 360 months of imprisonment, because the indictment did not contain, and the government did not prove every fact used to enhance or increase his sentence beyond a reasonable doubt.  This is precisely the type of collateral attack on a conviction and sentence contemplated by § 2255.  *See* 28 U.S.C. § 2255(a) (stating a prisoner may move the court to vacate, set aside, or correct his sentence if the sentence was imposed in violation of the Constitution or the laws of the United States).  Moreover, Robinson's first § 2255 motion raised ineffective-assistance-of-counsel claims, and his Rule 60(b) motion does not assert any error

---

[1] Because Robinson's motion was not a true Rule 60(b) motion, a COA was not required to appeal the denial of the motion. *Cf. Williams*, 510 F.3d at 1294-95 (stating a district judge lacks jurisdiction to consider a Rule 60(b) motion, which actually is an impermissible successive § 2254 petition, and cannot issue a COA with respect to the claims raised in the successive petition).

by the district judge in denying those claims. *Gilbert*, 640 F.3d at 1323 ("Because [the defendant's] motion sought to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, . . . his motion is the equivalent of a second or successive motion and is barred by § 2255(h).").

Robinson's motion is the equivalent of a second or successive § 2255 motion; therefore, he was required to seek our permission to file it. 28 U.S.C. § 2255(h). Because Robinson did not obtain our permission, the district judge should have dismissed the motion for lack of subject-matter jurisdiction. *Holt*, 417 F.3d at 1175 (recognizing without authorization a district judge lacks jurisdiction to consider a second or successive petition).[2] We vacate the district judge's order and remand with instructions to dismiss the Rule 60(b) motion.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[2] To the extent Robinson raises issues for the first time on appeal, e.g., that the Supreme Court's *Descamps* decision warrants Rule 60(b) relief or the reopening of his first § 2255 proceeding, those issues are deemed waived. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (recognizing issues not raised in district court generally are deemed waived).