[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11251
Non-Argument Calendar
_____

D.C. Docket Nos. 1:17-cv-20168-WJZ; 1:12-cr-20683-WJZ-1

MICHAEL A. STERN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 14, 2019)

Before MARTIN, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Michael Stern, a federal prisoner proceeding *pro se*, appeals from the district court's dismissal of his Federal Rule of Civil Procedure Rule 60(b) and (d) motion for lack of jurisdiction.  Stern asserts the district court erred by characterizing his Rule 60 motion as a 28 U.S.C. § 2255 motion because he is only attacking the fraud that occurred in his first § 2255 proceeding.

We review questions of jurisdiction *de novo*.  *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).  Under the Antiterrorism and Effective Death Penalty Act, a prisoner who has previously filed a § 2255 motion must apply for and obtain authorization from a court of appeals before filing a "second or successive" § 2255 motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Absent prior authorization from a court of appeals, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Rule 60(b) permits a litigant to move for relief from an otherwise final judgment for a number of reasons, including "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).  Such motions must be made no more than one year after entry of final judgment. Fed. R. Civ. P. 60(c)(1).  However, under Rule 60(d), no limitations period diminishes "a court's power to: (1) entertain an independent

action to relieve a party from a judgment, order, or proceeding; [or] . . . (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d).

The Supreme Court has held Rule 60(b) motions are to be considered impermissible successive petitions if the prisoner either (1) raises a new ground for substantive relief, or (2) attacks the habeas court's previous resolution of a claim on the merits. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). On the contrary, a Rule 60(b) motion can proceed if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . . conviction." *Id.* at 533. Thus, a Rule 60(b) motion would be proper, for example, if it: (1) asserts that a federal court's previous habeas ruling that precluded a merits determination (*i.e.*, a procedural ruling such as a failure to exhaust, a procedural bar, or a statute-of-limitations bar) was in error; or (2) attacks a defect in the federal habeas proceeding's integrity, such as a fraud upon the federal habeas court. *Id.* at 532-536 & nn.4-5.

The district court did not err in dismissing Stern's Rule 60 motion, as it was an impermissibly successive § 2255 petition. Stern's central claim was that the Government and witness Rita Starr committed fraud on the court in the course of his underlying grand jury hearing, sentencing hearing, and restitution hearing. Despite alleging that this fraud "substantially affected" the legitimacy of his § 2255 proceeding, Stern did not allege any fraud upon the court, nor did he allege

3

any procedural infirmity, in his prior § 2255 proceeding.  *See Crosby*, at 532-536 & nn.4-5.  Stern's claims in his Rule 60 motion relate to fraud in the judicial proceedings and events that occurred prior to his § 2255 proceeding, and, thus, attack the substance of his conviction and sentence.  *See id.* at 531-32.  Because Stern did not obtain authorization from this Court to file a successive § 2255 motion, the district court correctly concluded that it did not have jurisdiction to entertain a successive § 2255 motion.  *See Holt*, 417 F.3d at 1175.  Accordingly, we affirm the dismissal of Stern's motion for lack of jurisdiction.

    **AFFIRMED.**