[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-11603
Non-Argument Calendar
_____

D.C. Docket No. 1:94-cr-00506-KMM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE DEAN,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 23, 2020)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Jesse Dean, proceeding pro se, appeals the district court's order construing

his motion to hold the government in criminal contempt pursuant to Federal Rule

of Criminal Procedure 42 as an unauthorized successive 28 U.S.C. § 2255 motion

and denying that motion, and the district court's order denying Dean's motion to

reconsider.  The government has responded by filing a motion for summary

affirmance and to stay the briefing schedule.  After careful review, we grant the

government's motion for summary affirmance of the district court's orders.

## I.

In 1997, Dean was found guilty of two counts of conspiracy to import or

possess cocaine with the intent to distribute it, two counts of knowing and

intentional importation and possession of cocaine with intent to distribute it, and

knowing and intentional use of a telephone to facilitate those offenses.  He was

sentenced to 360 months' imprisonment.  Dean filed a direct appeal, but this Court

affirmed his convictions and sentence in 1999.  See United States v. Dean, 176

F.3d 492 (11th Cir. 1999) (unpublished table decision).

In June 2000, Dean filed a timely pro se motion under 28 U.S.C. § 2255.  A

year later, the district court considered and denied each of Dean's claims.  Dean

appealed, but the district court and this Court both denied a certificate of

appealability.  Since 2001, Dean has filed several motions in an attempt to

challenge his convictions and sentence.  This prompted the district court to direct

Dean to stop filing more motions, and inform the clerk of the court not to accept

2

any further motions from Dean.  Nevertheless, Dean continued to seek to litigate his conviction and sentence.

This brings us to the subject of this appeal.  On February 19, 2020, Dean filed a motion to hold the government in criminal contempt of court under Rule 42. He said he was "actually and legally innocent" and alleged that "for more than eighteen years," the district court used "a combination of intellectual dishonesty and the deliberate misapplication of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 to deprive [him] of the relief to which he has long been entitled."  He alleged that he was convicted only through a "classic federal cover-up which has been compounded by a judicial cover-up that has now spanned more than twenty-four years."  Dean specifically took issue with the use of "GX7," an exhibit he says was improperly disclosed and considered at trial.  On February 27, 2020, the district court denied Dean's motion in a paperless order, finding that Dean's motion to hold the government in criminal contempt was really "an unauthorized successive § 2255 motion over which the Court lacks jurisdiction."

Dean filed a motion for reconsideration from that order.  He again claimed he was innocent and said the district court should consider the merits of his arguments because "procedure should yield to substance."  He argued that the government's alleged misconduct and the district court's alleged partiality were "extraordinary circumstances" and a "fundamental miscarriage of justice," which

3

warranted relief.  The district court denied Dean's motion for reconsideration.[1]

Dean timely appealed.

Dean makes a plethora of arguments on appeal, challenging the district court's order denying his motion for reconsideration, as well as arguing his due process rights were violated and that the government has perpetrated a fraud on the court.  In response, the government has moved for summary affirmance of the district court's orders.

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]  An appeal is frivolous if it is "without arguable merit either in law or fact."  See Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted).

---

[1] The district court also denied Dean's motion requesting (1) the court hold a teleconference on his motion, and (2) his immediate release from prison.  Dean is currently scheduled for release on December 31, 2020.  See www.bop.gov/inmateloc (last visited Dec. 21, 2020).

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.  Id. at 1209.

4

We review the denial of a motion for reconsideration for abuse of discretion. Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (per curiam). The only grounds for granting a motion for reconsideration "are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotation marks omitted). A motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quotation marks omitted and alteration adopted). A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief. See Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).

**III.**

There is no substantial question that the district court did not err in finding that Dean had filed an unauthorized and successive 28 U.S.C. § 2255 motion to vacate. Groendyke, 406 F.2d at 1162. A federal prisoner seeking to collaterally attack the validity of his federal sentence must ordinarily seek relief under 28 U.S.C. § 2255. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255 allows a prisoner to collaterally attack his conviction by arguing his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Where, like here, a prisoner has previously filed a § 2255 motion, he must apply for and receive permission from the appellate court before filing a second or successive § 2255 motion. 28 U.S.C. § 2255(h). Without permission from this Court, the district court lacks jurisdiction to address the motion, and it must be denied and the case dismissed. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam).

First, the district court did not err by construing Dean's motion for contempt as a § 2255 motion because Dean argued he was actually innocent and raised claims related to his criminal trial. And, because Dean previously filed a § 2255 motion challenging the same convictions—and neither sought nor received permission from this Court to file another § 2255 motion—the district court lacked jurisdiction to address the motion. See Holt, 417 F.3d at 1175. As a result, the district court also lacked jurisdiction to address Dean's motion for reconsideration of his contempt motion.[3]

In sum, there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law. See Groendyke, 406 F.2d at 1162. The government's motion for summary affirmance is GRANTED and its

---

[3] The district court further did not abuse its discretion in denying Dean's motion for reconsideration because he used that motion to improperly "relitigate old matters." See Arthur, 500 F.3d at 1343 (quotation marks omitted).

6

motion to stay the briefing schedule is DENIED as moot.  All other pending

motions are DENIED as moot.