[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10686
Non-Argument Calendar
_____

D.C. Docket No. 4:00-cr-00007-HLM-WEJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH DARNELL WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 5, 2021)

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Darnell Williams, a former federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his petition for a writ of error *coram nobis* or, alternatively, for a writ of *audita querela* challenging a 2000 federal conviction for which he has completed his sentence. Williams first reiterates the merits of his ineffective assistance of counsel claim and contends he did not learn that his trial counsel failed to file an appeal until November 2017 when he hired a new attorney to litigate a motion to vacate his state convictions. He also reiterates his claim of newly discovered evidence and argues he could not have discovered the facts underlying his codefendants' affidavits earlier or received the affidavits sooner. Finally, Williams argues that the district court erred by not holding an evidentiary hearing on his petition. After review,[2] we affirm the district court.

## I. DISCUSSION

*A. Ineffective Assistance of Counsel Claim*

First, neither writ of error *coram nobis* nor writ of *audita querela* was available as to Williams's ineffective assistance claim because that claim was

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] We review a district court's denial of a petition for writ of error *coram nobis* for abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). We review "*de novo* the question of whether a prisoner may challenge his sentence by filing a motion for a writ of *audita querela*." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005).

2

cognizable only in a timely 28 U.S.C. § 2255 motion. *See, e.g.*, *United States v. Patterson*, 595 F.3d 1324, 1328-29 (11th Cir. 2010); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("[W]e hold that a writ of *audita querela* may not be granted when relief is cognizable under § 2255."); *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) ("[T]he writ [of error *coram nobis*] is appropriate only when there is and was no other available avenue of relief."). This rule applies even though Williams's only remaining remedy may be to seek leave from this Court to file a successive § 2255 motion. *See Holt*, 417 F.3d at 1175. Moreover, Williams's argument that he was unaware that his trial counsel did not file an appeal until over a decade after his judgment became final does not constitute a sound reason for failing to seek relief earlier; he has not explained why he could not have inquired as to the status of an appeal and has not asserted that he followed up with trial counsel after his sentencing proceedings. *See United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir. 2000) (stating courts may consider a *coram nobis* petition only when there are sound reasons for the petitioner's failure to seek relief earlier).

*B. Newly Discovered Evidence Claim*

Second, Williams's newly discovered evidence claim was not cognizable in a *coram nobis* proceeding because it did not constitute an error of fundamental character. *See id.* Likewise, Williams was not entitled to *audita querela* relief as

3

to that claim because Federal Rule of Criminal Procedure 33 controlled the claim rather than the All Writs Act,[3] which is available only where there was or is no other remedy.  *See Holt*, 417 F.3d at 1174-75 (stating the writ of *audita querela* continues to exist only to the extent necessary to fill in the gaps not covered by federal post-conviction remedial law); *see also Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S. Ct. 355, 361 (1985) (explaining that, where another law specifically addresses a particular issue, the All Writs Act is not controlling).  To the extent Williams has framed his newly discovered evidence challenge as an extension of his ineffective assistance claim—a claim which arises under the Sixth Amendment—such a claim was cognizable only in a § 2255 motion.  *See Holt*, 417 F.3d at 1175.  To the extent such a claim can be construed as a due process challenge, *audita querela* relief was not available for the same reason.  *See id.*

## C. Evidentiary Hearing

Finally, the district court did not err by declining to hold an evidentiary hearing because even if Williams's allegations are true, he would not be entitled to *coram nobis* or *audita querela* relief.[4]  *See Aron v. United States*, 291 F.3d 708,

---

[3] 28 U.S.C. § 1651(a).

[4] This Court has not yet specified a standard of review for the denial of an evidentiary hearing for a petition for a writ of error *coram nobis* or a writ of *audita querela*; however, in

715 (11th Cir. 2002) ("[A] district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous . . . .").

## II. CONCLUSION

Accordingly, we affirm the district court's denial of Williams's petition for a writ of error *coram nobis* or a writ of *audita querela*.

**AFFIRMED.**

---

other contexts, a district court's denial of an evidentiary hearing is reviewed for an abuse of discretion. *See Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002).