[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13990
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cv-61047-JIC

KENNY BLANC,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 23, 2021)

Before MARTIN, BRANCH AND MARCUS, Circuit Judges.

PER CURIAM:

Kenny Blanc, a pro se federal prisoner, appeals the district court order denying

his motion for a writ of audita querela and its conclusion that he could only challenge

his convictions and sentences in a motion to vacate under 28 U.S.C. § 2255. The

government has moved for summary affirmance and to stay the briefing schedule. After careful review, we grant the government's motion for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review de novo the question of whether a prisoner may challenge his sentence by filing a petition for a writ of audita querela. United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005). Additionally, we review questions of the district court's subject matter jurisdiction de novo. United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008). "[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." Id. (quotations omitted). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

A prisoner in custody may move the court that sentenced him to vacate, set aside, or correct the sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). When a prisoner has previously filed a § 2255 motion that was adjudicated on the merits, he must apply for and receive permission from the court of appeals before filing another one. 28 U.S.C. §§ 2244(b), 2255(h). Without authorization from our Court, the district court lacks jurisdiction to consider a second or successive § 2255 motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). When a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that controls. Carlisle v. United States, 517 U.S. 416, 429 (1996). In the criminal context, "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." Holt, 417 F.3d at 1175 (quotations omitted).

3

The writ of <u>audita querela</u> "was an ancient writ used to attack the enforcement of a judgment after it was rendered" and was abolished in the civil context by Federal Rule of Civil Procedure 60(b), but remains available in some criminal contexts. <u>Id.</u> at 1174-75. A writ of <u>audita querela</u> may not issue when relief is cognizable under § 2255. <u>Id</u>. at 1175. When a prisoner attacks his sentence "as violating the United States Constitution, the proper avenue of relief is § 2255." <u>Id</u>. This rule applies even if a prisoner's only remaining remedy is to seek leave to file a successive or second § 2255 motion because his original § 2255 motion already was denied. <u>Id</u>.

Finally, a prisoner cannot seek money damages through a civil action collaterally attacking a conviction or sentence unless the underlying conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

Here, we grant the government's motion for summary affirmance because there is no substantial question that Blanc was not entitled either to <u>audita querela</u> relief or money damages. <u>See</u> <u>Groendyke Transp., Inc.</u>, 406 F.2d at 1162; <u>see also</u> <u>Al-Arian</u>, 514 F.3d at 1189. Blanc's claims challenged the constitutionality of his convictions and sentences, mostly under the Supreme Court's recent decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), but also under the Fifth Amendment

and other constitutional provisions. Because we've squarely held that claims challenging the constitutionality of a conviction or sentence only are cognizable under § 2255, Blanc could not obtain a writ of audita querela to pursue them. See Holt, 417 F.3d at 1175; Carlisle, 517 U.S. at 428-29. Moreover, because his claims are only cognizable under § 2255, Blanc would need our authorization to file a successive § 2255 motion and that hurdle does not make a writ of audita querela an available remedy. See Holt, 417 F.3d at 1174-75. Thus, the district court properly found that Blanc was not entitled to audita querela relief. It also properly noted that, if it construed Blanc's motion as having been brought under § 2255, it would lack jurisdiction because Blanc has not obtained leave to file a second or successive § 2255 motion. Farris, 333 F.3d at 1216; 28 U.S.C. § 2255(h).

Nor did the district court err in concluding that Blanc's claims for money damages were without merit since he did not show that his convictions or sentences had been reversed or declared invalid and, in fact, he sought their vacatur in his motion instead. See Heck, 512 U.S. at 486-87. Accordingly, because there is no substantial question that the district court properly denied Blanc's motion seeking audita querela relief and money damages, we GRANT the government's motion for

5

summary affirmance and DENY as moot the government's motion to stay the briefing schedule. See Groendyke Transp., Inc., 406 F.2d at 1162.[2]

---

[2] Finally, because no Judge in regular active service on the Court has requested that the Court be polled on hearing en banc (Rule 35 Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-1), Blanc's petition for hearing en banc is DENIED.